1998 OK 40

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Emil Virgil SPADAFORA, Jr., Respondent.**

SCBD No. 4339.

Supreme Court of Oklahoma.

May 12, 1998.

Janis Hubbard, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Oklahoma Bar Association.

Emil V. (E.V.) Spadafora, Jr., Pro Se.

WATT, Justice.

¶1 Upon the filing of seven (7) grievances to the Office of the General Counsel of the Oklahoma Bar Association, Respondent, Emil V. (E.V.) Spadafora, Jr., has tendered his resignation from membership in the OBA pending disciplinary proceedings. The OBA has filed an application for approval of Respondent's resignation. Upon consideration of the matter, we find:

1. Respondent executed his resignation on April 29, 1998.

2. Respondent's resignation was freely and voluntarily tendered; he was not subject to coercion or duress; he was fully aware of the consequences of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

3. Respondent was aware that a formal complaint was filed before the Supreme Court of the State of Oklahoma and is styled *State of Oklahoma ex rel. Oklahoma Bar Association v. Emil Virgil Spadafora, Jr.*, SCBD # 4224, and on March 31, 1998, the Court ordered his suspension in this matter for a period of two years and one day. The Court also ordered costs to be assessed against him in the amount of $3,627.00, to be paid within thirty (30) days of the Order.

4. Respondent was aware of the following grievances filed with the Office of the General Counsel and that investigations are proceeding with regard to these matters:

(a) A grievance (DC 96–428) was filed with the Office of the General Counsel on December 30, 1996, by Liem Van Tong which alleged he retained E.V. Spadafora for a fee of $2,500.00 to represent him as a defendant in a business trademark infringement lawsuit, Spadafora did not represent him, and a default judgment was taken against Tong. Tong also alleges Spadafora presented three personal checks for cash with face values totaling $450.00 at a business owned and operated by Tong, and the checks were not honored by the bank upon which they were drawn.

(b) A grievance (DC 97–15) was filed with the Office of the General Counsel on January 13, 1997, by Michael Gomez which alleged E.V. Spadafora was retained for a fee of $900.00 to compel Gomez's ex-wife to accept $2,000.00, the amount of a judgment lien arising from the divorce. The $2,000.00 was to be held in trust until the matter was resolved. The complaint alleged Spadafora has not done the work for which he was retained, he won't account for the

money he was to hold in trust, and Gomez can't contact him. The Office of the General Counsel has been advised criminal charges are pending in the District Court of Oklahoma County, Case No. F–98–1513, in connection with a complaint from Gomez.

(c) A grievance (DC 97–426) was filed with the Office of the General Counsel on November 12, 1997, by Glenda Duncan which alleged E.V. Spadafora was retained for a fee of $1,600.00 in August, 1989, to represent the Personal Representative in the estate of Gary Michael Forga. Eight years has lapsed apparently with little work being done in the probate and Spadafora has failed to communicate with the personal representative. On September 7, 1997, the personal representative met with Spadafora who promised to conclude the probate within a month. There has been no further action in the probate and Spadafora has not communicated with the Personal Representative. Spadafora has not responded to a request for him to withdraw and refund the fees. No response to this grievance has been filed with the Office of the General Counsel, therefore, the additional allegation of a violation of Rule 5.2, RGDP, is to be considered.

(d) A grievance (DC 97–454) was filed with the Office of the General Counsel on December 11, 1997, by April Lynn Chapa which alleged E.V. Spadafora was retained for a fee of $450.00 on July 29, 1997, to represent Chapa in a paternity suit. Chapa alleged that despite her efforts to communicate, Spadafora has not told her the status of the case, he is never in his office, and will not return telephone calls to Chapa.

(e) A grievance (DC 98–1) was filed with the Office of the General Counsel on January 20, 1998, by Pauline Sperry which alleged E.V. Spadafora was retained for a fee of $1,125.00 to represent Sperry in her attempts to get custody of her grandchildren when the parents of the children were charged with murder. Spadafora represented Sperry at two hearings but has done nothing further,

will not communicate, has left his office, and will not turn over the file to the successor attorney hired by Sperry.

(f) A grievance (DC 98–54) was filed with the Office of the General Counsel on March 31, 1998, by Susan Hood which alleged she retained E.V. Spadafora for a fee of $1,500.00 to represent her as a plaintiff in a Title 7 lawsuit filed in the Western District of Oklahoma. Hood alleged Spadafora took no action in this matter and allowed a default judgment to be entered in favor of two defendants.

(g) A grievance (DC 98–80) was filed by the General Counsel on April 13, 1998, based on information received from the Oklahoma City Police Department White Collar Crime Unit. This grievance alleges E.V. Spadafora in his representation of Fernando Corrales, presented a certified copy of a plea of guilty and summary of facts agreement filed in the Oklahoma County Court Clerk's office April 23, 1997, to an Assistant District Attorney. On page 2 of the 8 page document under § 19 are the words "No Rev of Def". Spadafora maintained that the deferred sentence in the previous matter could not be revoked. Based on an investigation it was determined the words above quoted were not on the original document as microfilmed when filed. A forensic document examiner determined the words were added probably by the same hand as prepared the remainder of the document. That person was E.V. Spadafora.

5. Respondent was aware that, if proven, the alleged conduct would constitute violations of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 3.2, and 8.4(c), RGDP; and Rules 1.4, and 5.2, Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. Ch. 1, App. 3–1 (Supp.1997).

6. Respondent was aware that pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Supreme Court of Oklahoma.

7. Respondent has familiarized himself with the provisions of Rule 9.1, RGDP,

and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following the date of this resignation.

8. Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

9. Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients.

10. Respondent agrees that should the OBA approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

11. I acknowledge the OBA has incurred costs in the investigation of the above-stated matters in paragraph four (4) which shall be surcharged against me unless remitted in whole or in part by the Supreme Court for good cause shown.

12. Respondent's resignation pending disciplinary proceedings should be approved.

¶2 **IT IS THEREFORE ORDERED** that Complainant's application and Respondent's resignation be approved.

¶3 **IT IS FURTHER ORDERED** that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the date of this opinion.

¶4 **IT IS FURTHER ORDERED** that Respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶5 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the OBA, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

¶6 **IT IS FURTHER ORDERED** that Complainant's Application to Assess Costs be granted and Respondent reimburse the OBA for expenditures in the amount of $134.48 for investigating those matters set out in paragraph four (4) of this opinion.

¶7 ALL JUSTICES CONCUR.